## CALVIN C. WHITE *v.* WILLIAM FORBES.

The Court of Chancery may stay or prevent nuisances by injunction, and the complainant will not be first required to establish his right at law, unless doubtful, and in dispute.

Where the aid of this Court is sought to protect the enjoyment of property, it will not be governed by the mere value of the property, but will interfere if the injury will materially lessen the enjoyment of it by the owner.

A perpetual injunction was granted to prevent the erection of a dam, which would have flooded the lands of complainant, on the grounds of injury to the property, and the probability that disease would be generated by the overflowing of the water.

THIS was a bill for a perpetual injunction to prevent defendant from erecting a mill-dam of such height as to overflow complainant's land.

Complainant is the owner of the east half of northeast quarter of section eighteen, town one north, range eleven east. Gun River passes through it from east to west, and divides it into two nearly equal parts; and there are between eleven and twelve acres of low bottom land lying on the margin of the stream, between it and the high land back from the river. The banks in some places are high, and the bottom land lies in three different pieces, two of which are on the south side of the river. One of these lies on the west side of the lot, and contains about half an acre, and the other is on the east side, and contains nine and a half acres. The other piece is on the north side of the river, and contains an acre and a quarter. In 1837, the defendant erected a mill and dam on the river, a short distance below complainant's land. The dam caused the water to rise on complainant's land, and to overflow and render useless, for agricultural purposes, two

of the aforesaid pieces, containing together about two acres, and also between four and seven acres of the other piece, besides materially injuring the balance of it. All the three pieces, with a little ditching on a small portion of the largest one, could be made into good meadow land, if the river were allowed to flow in its natural channel, unobstructed by the dam. In March, 1840, the dam was carried away by a freshet, and in October following the complainant filed his bill.

*Stuart*, for complainant.

*Stevens*, for defendant.

THE CHANCELLOR. This Court may stay or prevent nuisances by injunction. *R. S.* 499. *Gardner* v. *Village of Newburgh*, 2 *J. C. R.* 162. Sometimes the complainant is required to establish his right at law, before equity will protect him by injunction in the enjoyment of it; but that is only when the right on which he bases his claim to the interposition of the Court is doubtful, and in dispute.

It is contended that the injury is too inconsiderable in itself for the Court to take cognizance of this case, and that the statute requires the Court to dismiss every suit concerning property, except between partners or for the foreclosure of mortgages, where the matter in dispute does not exceed one hundred dollars. *R. S.* 365; *Laws* 1839, *p.* 221. This is not a suit to settle the title to property. All the complainant asks is to be protected in the enjoyment of property, about the title to which there is no dispute. The question presented is, whether or no the defendant shall be allowed to erect a dam on his own land, to such a height as to flow the land of complainant, lying on the river a short distance above defendant's mill. It

is not denied, but on the contrary is admitted, that the old dam, before it was carried away by the freshet, caused the water to overflow more or less of complainant's land. The defendant does not place his defence on this ground, but upon another and different ground, viz: that the land so overflowed, and which will be again, if he is allowed to erect a new dam of the same height with the old one, is of little or no value, and the flowing of it not productive of any serious injury. The evidence on this point is conflicting. Some of the witnesses think it would do little or no injury, while others estimate the damages at from $300 to $500. The extent of the injury, provided there be a substantial injury done, is of no very great importance. Every man has a right to the enjoyment of his property undisturbed by another, and to be protected in that enjoyment; and, what one may consider of little value, another may esteem very highly. The Court will not, in cases of this kind, be governed by dollars and cents alone, but will inquire whether the injury is of such a nature, that it can reasonably be supposed to lessen materially the enjoyment of property by its owner.

The complainant lives on the premises. They are his home. He places a high value on the land, and wants it for a meadow; and he is apprehensive that the flooding of it will generate disease, and render the atmosphere of his dwelling less salubrious.

Injunction made perpetual, with costs.